| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-2098-JFW (JEMx)**                                                      Date:  April 16, 2012

Title:    Byron Sy, et al. *-v-* Stewart Financial Inc., et al.

---

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING PLAINTIFFS' RICO CLAIM FOR RELIEF WITH PREJUDICE FOR FAILURE TO FILE A "RICO CASE STATEMENT";

ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING CLAIMS

      On March 23, 2012, the Court issued an Order directing Plaintiffs to file a "RICO Case Statement" on or before April 9, 2012.  In that Order, the Court also advised Plaintiffs that failure to respond to the Order would result in the dismissal with prejudice of all RICO claims for relief.

      As of April 13, 2012, Plaintiffs have failed to file a "RICO Case Statement," or any response to the Court's March 23, 2012 Order.  Accordingly, Plaintiffs' tenth claim for relief (Counts One through Three), alleging conduct in violation of 18 U.S.C. §§ 1961, et seq., is hereby **DISMISSED with prejudice**.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

      The Court has dismissed the only federal claim alleged in Plaintiffs' Complaint.  Although Plaintiffs allege that this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), Plaintiffs fail to allege the citizenship of any of the parties.  The basic requirement for jurisdiction in diversity cases pursuant to 28 U.S.C. § 1332(a) is that all plaintiffs be of different citizenship than all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *see also Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").  For example, for the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

     Accordingly, in light of the Court's Order dismissing the only claim over which this Court has original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims for relief.  *See* 28 U.S.C. § 1367(d), *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'").  Accordingly, Plaintiffs' remaining claims are **DISMISSED without prejudice**

     IT IS SO ORDERED.